STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.H.**

**No. 20-0773** (Calhoun County 19-JA-22)

## MEMORANDUM DECISION

Petitioner Mother M.R., by counsel Betty Clark Gregory, appeals the Circuit Court of Calhoun County's August 28, 2020, order terminating her parental rights to L.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that she should have been entitled to an extension of her improvement period and that termination of her parental rights was not warranted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed an abuse and neglect petition alleging that petitioner tested positive for methamphetamine and THC upon L.H.'s birth and that the child tested positive for methamphetamine. Further, the DHHR alleged that petitioner lacked safe and adequate housing for the child, given past issues with her housing that were never corrected. Shortly after the petition's filing, petitioner stipulated that her substance abuse negatively affected her ability to parent. As such, the circuit court adjudicated petitioner as an abusing parent.

In December of 2019, the circuit court granted petitioner a post-adjudicatory improvement period and adopted the terms and conditions of the family case plan as the terms and conditions of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the improvement period. According to the case plan, petitioner was required to participate in adult life skills and parenting services, attend visitation with the child, maintain a safe and suitable home environment, submit to a psychological evaluation, abstain from using alcohol or controlled substances, and submit to random drug screens. In July of 2020, the court held a review hearing, during which petitioner moved for an extension of her improvement period. The guardian, however, opposed the motion. Following testimony from petitioner and a DHHR worker, the circuit court held petitioner's motion in abeyance. After the hearing, the child's Court Appointed Special Advocate ("CASA") volunteer supervisor filed a report that recommended denying petitioner's motion.

On August 19, 2020, the circuit court issued an order denying the motion to extend petitioner's improvement period, finding that after nearly ten months petitioner still lacked adequate housing. During the proceedings, petitioner provided the DHHR three different addresses. Upon inspecting the most recent address, the DHHR discovered an office building that the paternal grandparents owned that was in deplorable condition "with trash, molded dishes, and what appeared to be mouse droppings" throughout. A DHHR worker further found two marijuana plants in pots placed inside the child's crib, which was not properly assembled. The DHHR also found other drug paraphernalia and a marijuana cigarette. Ultimately, the court found that petitioner failed to demonstrate sufficient progress to warrant an extension of her improvement period and denied the motion.

Following the entry of the order denying her motion for an extension, the DHHR filed a case status report that indicated that petitioner contacted the DHHR "asking if [she] had to continue with the services since [she] did not get the [extension] on the improvement period." According to the DHHR, petitioner stopped drug screening and had no visitation with the child following this inquiry.

At the August 27, 2020, dispositional hearing, the court reiterated that petitioner failed to successfully complete the terms and conditions of her improvement period. Further, while petitioner indicated that she found employment and appropriate housing since the denial of her motion for an extension, the court found that this occurred within the three days prior to the hearing. Importantly, the court also found that despite her testimony to the contrary, petitioner continued her relationship with the father, who voluntarily relinquished his parental rights to the child prior to the dispositional hearing. Based on the evidence, the court found that petitioner failed to successfully remedy the conditions of abuse and neglect at issue and that the child's best interests required termination of her parental rights. As such, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]The father voluntarily relinquished his parental rights to the child. The permanency plan for the child is adoption in the current foster home.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that termination of her parental rights was not warranted because she substantially complied with the terms of her improvement period. According to petitioner, she passed all of her drug screens, obtained a job, and had a suitable residence living in a room at the paternal grandparents' home. She also alleges that she was willing to separate herself from the father in order to keep her child. This argument, however, is simply unsupported by the evidence. In support of her assertion that she lived with the paternal grandparents, petitioner cites to a DHHR report that indicated the DHHR inspected a home owned by the paternal grandparents in June of 2020 and found that petitioner spent the majority of her time there. However, this was one of two addresses that petitioner provided to the DHHR simultaneously, the second being the office building referenced in the court's order denying petitioner's motion for an extension of her improvement period. As the circuit court noted, this residence was unsuitable, given that it contained marijuana plants in the child's partially assembled crib, dishes with mold, and other general clutter. In fact, when the DHHR inspected the address, it noted that "the aroma of marijuana was strong." In short, the record contains conflicting evidence concerning where petitioner actually lived but, critically, neither residence was appropriate. This is especially true in light of the fact that the child's father was also reported to live, at times, in his parents' residence and he voluntarily relinquished his parental rights to the child prior to petitioner's dispositional hearing, thereby precluding petitioner and the child from residing in that home. As such, petitioner's argument that she obtained appropriate housing is without merit.

Further, petitioner's contention that she substantially complied with her improvement period is undermined by the fact that she contacted the DHHR following the denial of her motion for an extension of her improvement period to inquire as to whether she had to continue participating in services. Following this inquiry, petitioner ceased her compliance, despite the fact that the case was ongoing. Notwithstanding this evidence, petitioner argues that she should have been entitled to an extension of her improvement period because "if she had been given an additional three months, she could have completed the requirements to provide a safe loving home for her child." However, this argument is disingenuous, given that petitioner ceased her participation in services prior to the dispositional hearing. According to West Virginia Code § 49-4-610(6), a circuit court

> may extend any improvement period . . . when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of

3

the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

The record shows that petitioner did not substantially comply with the terms of her improvement period, as she had not obtained employment or housing at the time she filed her motion for an extension. Even more importantly, petitioner almost immediately stopped participating in services following the denial of her motion, despite the fact that the case was still ongoing and she faced termination of her parental rights. As such, it is clear that the circuit court's denial of her motion was not in error.

Further, petitioner's argument that the child's placement with a relative during the proceedings supported the granting of an extension is without merit. In short, we disagree with petitioner's assertion that she should have been entitled to an extension without satisfying her burden of proof simply because the child's welfare was not threatened. While it is true that West Virginia Code § 49-4-610 requires the court to determine if continuation of the improvement period will impact the DHHR's ability to permanently place the child, this does not mean that a parent may continue on an improvement period indefinitely because of such placement. On the contrary, this Court has directed that

> [a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). As such, we find no error in the circuit court's denial of petitioner's motion for an extension of her improvement period.

This same evidence also supports the circuit court's termination of petitioner's parental rights. The circuit court additionally found that petitioner continued her relationship with the father, who voluntarily relinquished his rights to the child, which precluded her from regaining custody. Although petitioner testified to the contrary regarding the relationship, the circuit court heard this evidence and made a credibility determination against petitioner that we decline to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

West Virginia Code § 49-4-604(d) defines "[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected" as meaning "that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Given petitioner's stated intention to cease participation in services prior to the dispositional hearing, coupled with the fact that she failed to remedy the conditions of abuse and neglect when she was participating, it is clear that the

4

circuit court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Additionally, the court found that the child's welfare required termination of petitioner's rights, given her ongoing relationship with the father and the fact that the conditions that necessitated the petition's filing continued. Under West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, contrary to petitioner's argument that less-restrictive alternatives should have been employed, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 28, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton